64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilson DOCK, Jr., Petitioner-Appellant,
v.
Fred McANINCH, Warden; Ohio Department of Rehabilitation and
Corrections; Joseph Deters, Respondents-Appellees.
 No. 95-3234.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 S.D. Ohio, No. 94-00769; John D. Holshuh, Chief Judge.
 S.D. Ohio
 VACATED.
 Before: KEITH, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Wilson Dock, Jr., an Ohio state prisoner, appeals the district court judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Dock was convicted of rape following a 1985 bench trial and was sentenced to five to twenty-five years of imprisonment. In this petition for federal habeas relief, he argued that his counsel was ineffective in failing to call witnesses, investigate the case, and object to hearsay testimony, and that the prosecutor was guilty of misconduct due to the use of perjured testimony. He also mentioned, but did not make clear whether he was relying on, claims of insufficiency of the evidence and bias of the trial court judge. Counsel for the respondent warden, after receiving several extensions of time, filed an answer in which it was argued that the petition was barred by procedural default due to Dock's failure to file a timely direct appeal in the state courts. Exhibits attached to the answer included Dock's motions for a delayed appeal, which raised at least some of the claims asserted here, a response, and the orders of the Ohio Court of Appeals and Supreme Court dismissing the delayed appeal without opinion. (The Ohio Supreme Court order of dismissal stated that "no substantial constitutional issues" were presented.) No portion of the original proceedings was included. Review of the response filed in the state court action showed that Dock had also filed a post-conviction action in the state courts, a fact which was not mentioned in the answer filed in the district court. The response in the state court action argued both that Dock's allegation of attorney error to excuse his failure to timely appeal was false, and that he had failed to submit portions of the record to support his claims. The district court concluded that the petition was procedurally barred by Dock's failure to timely appeal his conviction in the state courts. This appeal followed. Counsel for the proper respondent has not filed a brief. Counsel for the prosecutor, named as an additional respondent, has filed a brief which argues only that the prosecutor is not a proper respondent, as he does not have custody of the petitioner.
 
 
 3
 Upon review, we conclude that the failure of the proper respondent to file a complete answer as required by Rule 5, Rules Governing Habeas Corpus Cases under Sec. 2254, requires that the district court judgment be vacated and the case remanded for expansion of the record. The absence of any record of Dock's post-conviction proceedings in the state court makes it impossible to determine whether he has properly exhausted state court remedies for his claims, at least some of which would properly be raised in such an action. The lack of any transcript of the original proceedings also makes it difficult to determine whether Dock can establish cause and prejudice to excuse any procedural default, or establish that failure to address his claims would result in a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 4
 For the above reasons, the district court's judgment is vacated and this case is remanded for further proceedings. On remand, the petition should be dismissed as to the prosecutor, who is not a proper respondent in this action. Rule 9(b)(3), Rules of the Sixth Circuit.